IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LYNETTE GARCIA, | § § | |
| *Plaintiff,* | § § § | SA-19-CV-01307-ESC |
| vs. | § § § | |
| ANDREW SAUL, SOCIAL SECURITY COMMISSIONER; | § § § § | |
| *Defendant.* | § § | |

**ORDER**

Before the Court is Plaintiff Lynette Garcia's request for review of the administrative denial of her applications for Disability Insurance Benefits ("DIB") and Social Security Income ("SSI") under Title XVI of the Social Security Act. Having considered Plaintiff's Opening Brief [#13], Defendant's Brief in Support of the Commissioner's Decision [#14], and Plaintiff's Reply Brief [#15], as well as the Social Security Transcript [#8], the applicable legal authorities, and the entire record in this matter, the Court finds that the ALJ did not commit legal error with respect to her residual functioning capacity ("RFC") determination. Accordingly, the final decision of the Commissioner of Social Security is **AFFIRMED**.

**I. Jurisdiction**

This Court has jurisdiction to review a decision of the Social Security Administration pursuant to 42 U.S.C. § 405(g). The undersigned has authority to enter this Order pursuant to 28 U.S.C. § 636(c)(1), as all parties have consented to the jurisdiction of a United States Magistrate Judge [#5, #9].

## II. Factual Background

Plaintiff Lynette Garcia filed her applications for DIB and SSI on February 28, 2018, alleging disability since January 10, 2017. (Tr. 74–75, 88–89.) At the time of her applications, Plaintiff was 48 years old. (Tr. 23.) The related medical conditions upon which Plaintiff based her applications were fibromyalgia, degenerative disc disease, bulging disc, depression, anxiety, and sciatica. (Tr. 74–75, 88–89.) Plaintiff's applications for DIB and SSI were denied initially on July 18, 2018, and again upon reconsideration on September 17, 2018. (Tr.16.)

Following the denial of her claims, Plaintiff requested an administrative hearing. Plaintiff and her then-attorney,[1] Elizabeth Van Sickle, attended the administrative hearing before Administrative Law Judge ("ALJ") Barbara Powell on March 18, 2019. (Tr. 37–73.) Plaintiff and vocational expert ("VE") Howard Marnan provided testimony at the hearing. (Tr. 64.)

The ALJ issued an unfavorable decision on June 24, 2019. (Tr. 16–25.) The ALJ found that Plaintiff met the insured-status requirements of the SSA and applied the five-step sequential analysis required by SSA regulations. At step one of the analysis, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since January 10, 2017, the alleged disability onset date. (Tr. 18.) At step two, the ALJ found Plaintiff to have the following severe impairments: degenerative disc disease of the lumbar spine, fibromyalgia, depressive disorder, anxiety disorder, substance addiction, and somatic symptom disorder. (Tr. 18.) At step three, the ALJ found that the impairments did not meet or medically equal the severity of one of the listed impairments in the applicable Social Security regulations to render Plaintiff presumptively disabled. (Tr. 18.)

---

[1] Plaintiff is currently represented by Howard D. Olinsky.

Before reaching step four of the analysis, the ALJ found that Plaintiff retained the RFC to perform light work with the following restrictions: avoid any exposure to unprotected heights and machinery with dangerous moving parts, heat, cold, noise or vibration, and only occasionally reach overhead with her dominant right hand. (Tr. 20.) At step four, the ALJ "expedited" Plaintiff's past work, stating she did not have sufficient evidence about Plaintiff's past relevant work to make a finding. (Tr. 23.)

Then, considering Plaintiff's age, educational factors, work experience, and RFC, as well as the testimony of the VE, the ALJ found Plaintiff was capable of performing a number of jobs that exist in significant numbers in the national economy, such as office helper, mail clerk, and bench assembler. (Tr. 24.) Accordingly, the ALJ determined that Plaintiff was not disabled for purposes of the Act and therefore not entitled to receive DIB or SSI. (Tr. 25.)

Plaintiff requested review of the ALJ's decision, but her request for review was denied by the Appeals Council on September 6, 2019. (Tr. 1.) On November 5, 2019, Plaintiff filed the instant case, seeking review of the administrative determination.

### III.  Governing Legal Standards

**A.  Standard of Review**

In reviewing the denial of benefits, the Court is limited to a determination of whether the Commissioner, through the ALJ's decision,[2] applied the proper legal standards and whether the Commissioner's decision is supported by substantial evidence. *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995); 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence is more than a scintilla, less than preponderance, and is such relevant evidence as a reasonable mind might

---

[2] In this case, because the Appeals Council declined to review the ALJ's decision, the decision of the ALJ constitutes the final decision of the Commissioner, and the ALJ's factual findings and legal conclusions are imputed to the Commissioner. *See Higginbotham v. Barnhart*, 405 F.3d 332, 336 (5th Cir. 2005); *Harris v. Patel*, 209 F.3d 413, 414 (5th Cir. 2000).

accept as adequate to support a conclusion." *Villa v. Sullivan*, 895 F.2d 1019, 1021–22 (5th Cir. 1990) (quoting *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)).  Four elements of proof are weighed by the Court in determining if substantial evidence supports the Commissioner's determination: (1) the objective medical facts; (2) the diagnoses and opinions of treating and examining physicians; (3) the claimant's subjective evidence of pain and disability; and (4) the claimant's age, education, and work experience.  *Martinez*, 64 F.3d at 174.  "'[N]o substantial evidence' will be found only where there is a 'conspicuous absence of credible choices' or 'no contrary medical evidence.'"  *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988) (quoting *Hames*, 707 F.2d at 164).  The Court may not reweigh the evidence or substitute its judgment for that of the Commissioner.  *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000).  Conflicts in the evidence and credibility assessments are for the Commissioner, not the Court, to resolve.  *Id.*

While substantial deference is afforded the Commissioner's factual findings, the Commissioner's legal conclusions, and claims of procedural error, are reviewed *de novo*.  *See Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994); *Carr v. Apfel*, 133 F. Supp. 2d 476, 479 (N.D. Tex. 2001).

**B.  Entitlement to Benefits**

The term "disability" means the inability to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 1382c(a)(3)(A).  A claimant is disabled only if her physical or mental impairment or impairments are so severe that she is unable to do her previous work, and cannot, considering her age, education, and work experience, participate in any other kind of substantial gainful work that exists in significant amount in the national economy—regardless of

whether such work exists in the area in which she lives, whether a specific job vacancy exists, or whether she would be hired if he applied for work.  42 U.S.C. §§ 423(a)(1), 1382c(a)(3)(B).

C. **Evaluation Process and Burden of Proof**

As noted above, SSA regulations require that disability claims be evaluated according to a five-step process.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2016).  In the first step, the ALJ determines whether the claimant is currently engaged in substantial gainful activity.  20 C.F.R. § 404.1520(a)(4)(i).  "Substantial gainful activity" means "the performance of work activity involving significant physical or mental abilities for pay or profit."  *Newton*, 209 F.3d at 452–53 (citing 20 C.F.R. § 404.1572(a)–(b)).  An individual who is working and engaging in substantial gainful activity will not be found disabled regardless of her medical condition, age, education, or work experience.  20 C.F.R. § 404.1520(b).

Then, at the second step, the ALJ determines whether the claimant has a medically determinable physical or mental impairment that is severe or a combination of impairments that is severe.  20 C.F.R. § 404.1520(a)(4)(ii); *Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985).  "An impairment can be considered as not severe only if it is a slight abnormality having such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience."  *Stone*, 752 F.2d at 1101 (internal quotation omitted).  An individual who does not have a "severe impairment" will not be found to be disabled.  20 C.F.R. § 404.1520(c).

Under the third step, an individual who has an impairment that meets or is medically equal to the criteria of a listed impairment in Appendix 1 ("the Listings") of the regulations will be considered disabled without the consideration of other vocational factors.  20 C.F.R. § 404.1520(d).  If the claimant does not qualify under the Listings, the evaluation continues to the

fourth step. Before commencing the fourth step, however, the ALJ assesses the claimant's residual functional capacity ("RFC"), which is a "multidimensional description of the work-related abilities" a claimant retains despite medical impairments. 20 C.F.R. § Pt. 404, Subpt. P, App. 1. *See also* 20 C.F.R. § 404.1520(e); *Perez v. Barnhart*, 415 F.3d 457, 461–62 (5th Cir. 2005).

At the fourth step, the ALJ reviews the RFC assessment and the demands of her past relevant work. 20 C.F.R. § 404.1520(f). If an individual is capable of performing the work she has done in the past, a finding of "not disabled" will be made. *Id.* If an individual's impairment precludes her from performing her past relevant work, the fifth and final step evaluates the claimant's ability—given the claimant's residual capacities, age, education, and work experience—to do other work. 20 C.F.R. § 404.1520(g). If a claimant's impairment precludes her from performing any other type of work, she will be found to be disabled. *Id.*

The claimant bears the burden of proof at the first four steps of the evaluation process. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). Once the claimant satisfies her burden under the first four steps, the burden shifts to the Commissioner at step five to show that there is other gainful employment available in the national economy that the claimant is capable of performing. *Greenspan*, 38 F.3d at 236. This burden may be satisfied either by reference to the Medical–Vocational Guidelines of the regulations or by expert vocational testimony or other similar evidence. *Fraga v. Bowen*, 810 F.2d 1296, 1304 (5th Cir. 1987). If the Commissioner adequately points to potential alternative employment, the burden shifts back to the claimant to prove that she is unable to perform that work. *Anderson v. Sullivan*, 887 F.2d 630, 632–33 (5th Cir. 1989). A finding that a claimant is not disabled at any point in the five-step review is conclusive and terminates the analysis. *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

## IV.  Analysis

Plaintiff raises one point of error in this appeal: the ALJ did not properly analyze the medical opinion evidence per the relevant guidelines in making her RFC determination.  (Pl. Brief [#13] at 8.)  Specifically, Plaintiff argues that the ALJ failed to properly weigh the opinion of treating physician Juanita H. Sprute, M.D.; therefore, argues Plaintiff, the RFC determination is not supported by substantial evidence.  (*Id.* at 9.)  Plaintiff contends that the ALJ impermissibly "pick[ed] and cho[]se" only the evidence that supports her opinion.  *See Loza v. Apfel*, 219 F.3d 378, 393 (5th Cir. 2000).  The Commissioner responds that the ALJ's evaluation of the medical opinions fully comports with the new Social Security regulations, 20 C.F.R. § 404.1520c, which govern claims filed on or after March 27, 2017.  (Def. Resp. [#14] at 6.)  For the reasons set forth below, the Court finds that the ALJ did not commit reversible error during the administrative proceedings, and that her RFC determination is supported by substantial evidence.

**A.      ALJs are no longer required to give controlling weight to certain medical opinions.**

The Social Security Administration recently promulgated a new rule regarding RFC determinations to govern all claims filed on or after March 27, 2017.  *See* 20 C.F.R. § 404.1520c. Because Plaintiff filed her claim on February 28, 2018, the new rule applies.  This rule addresses how the ALJ is to consider and evaluate medical opinions and prior administrative medical filings in evaluating a claimant's RFC and eliminates the longstanding "treating-physician rule," which required the ALJ to give a treating physician's opinion "controlling weight" in the absence of certain other specific findings.  *See* 20 C.F.R. § 404.1527(c)(2).

The new rule states that the ALJ is no longer required to defer or give any specific evidentiary weight, including controlling weight, to any medical opinion or prior administrative

7

medical finding. *Id.* at § 404.1520c(a). Instead, the ALJ is to consider all medical opinions and prior administrative medical findings using the same specific factors outlined in the rule: (1) supportability; (2) consistency; (3) relationship with the claimant, which includes considering the length of the treatment relationship, the frequency of examinations, the purpose of the treatment relationship, the extent of the treatment relationship, and the examining relationship; (4) specialization; and (5) other factors. *Id.* at §§ 404.1520c(a)-(c), 416.920c(a)-(c). The most important of these factors are "supportability" and "consistency." *Id.* at § 404.1520c(b)(2). The ALJ must articulate how persuasive she finds each of the opinions in the record. *Id.* at § 404.1520c(b).

While the ALJ must articulate her consideration of all medical opinions, the new regulations no longer mandate particularized procedures that the ALJ must follow in considering opinions from treating sources. *Compare* 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2) *with* 20 C.F.R.§§ 404.1520c(b) (effective Mar. 27, 2017), 416.920c(b) (effective Mar. 27, 2017). Rather, the ALJ is directed to focus on the persuasiveness of all medial opinions or administrative medical findings using five factors referenced above. *Id.* at §§ 404.1520c(a)-(c), 416.920c(a)-(c).

There is little binding case law applying the new regulations regarding RFC determinations. However, consistency and supportability have always been relevant factors that the ALJ may consider in deciding whether to accept or reject that opinion of a treating physician. It has also been long recognized that ALJs may give "less weight, little weight, or even no weight" to a physician's testimony if found to be inconsistent with a physician's own record or with other medical evidence. *See Greenspan*, 38 F.3d at 237. For example, in *Nugent*, the Fifth Circuit found that an ALJ properly discounted a treating physician's statement because it was

conclusory and contradicted prior treatment notes, objective medical findings, and other examining physician's opinions. *Nugent v. Astrue*, 278 Fed. App'x 423, 426 (5th Cir. 2008). In *Colvin*, the Fifth Circuit reviewed the decision of an ALJ to give "little weight" to a doctor's examination wherein he opined—using a check-box form—that the plaintiff was suffering from severe depression and disabled. *Williams v. Colvin*, 575 Fed. App'x 350, 354–55 (5th Cir. 2014) (per curiam). The *Colvin* court upheld the ALJ's decision as supported by substantial evidence in part because the doctor's own notes were inconsistent with his check-box form. *Id.* The longstanding principles articulated in these opinions remain instructive.

**B.     Here, the ALJ considered each medical opinion and explained how she determined its persuasiveness.**

Here, in determining Plaintiff's RFC, the ALJ applied the new Section 404.1520c and discussed each of the medical opinions in the record and explained that she is no longer required to "defer or give any specific evidentiary weight, including controlling weight" to any prior administrative finding or medical opinion under the new rule. (Tr. 22.) For each opinion, the ALJ explained whether she found the opinion to be supported by the claimant's treatment notes or the objective examination findings, as applicable, and she also explained whether she ultimately found the opinion to be persuasive. (Tr. 22.) The ALJ found four of the doctor's medical opinions to be persuasive and found the Medical Source Statement from Juanita Sprute,[3] M.D., to be unpersuasive. (Tr. 23). The ALJ's discussion of Dr. Sprute's statement is the only issue Plaintiff contests.

Dr. Sprute is a family doctor and has been Plaintiff's treating physician since October 2017. (Tr. 403). The administrative transcript reflects that Dr. Sprute performed a general examination of Plaintiff four times, but only during the first examination did she examine

---

[3] The ALJ mistakenly referred to this physician as "Jason Sprule."

Plaintiff's lumbar spine/lower back, the part of the body allegedly causing her physical disability. *Id.* The second visit solely concerned toe fungus (Tr. 811); the third was to adjust medication for fibromyalgia (Tr. 806); and the fourth was to adjust medication again. (Tr. 801). Dr. Sprute's first examination notes described Plaintiff as having limited range of motion due to pain, normal strength limits (but limited by pain), and myofascial trigger points. (Tr. 405). While Dr. Sprute did not assess Plaintiff's lower back/lumbar spine in her third and fourth examinations, she noted that Plaintiff had "no costovertebral angle tenderness, no kyphosis, no scoliosis, [and a] spine nontender to palpation."[4] (Tr. 803, 808).

As for mental examinations, Dr. Sprute wrote on all reports that Plaintiff was "alert, oriented, cooperative with exam, mood/affect full range, speech clear, thought process logical, [and] goal directed." (Tr. 803, 808, 813, 817). Beyond prescribing medication, Dr. Sprute referred her to Warm Springs Physical Therapy after her first examination and recommended she do 150 minutes of aerobic exercise per week on the first, third, and fourth reports. (Tr. 804, 809, 819). On the Medical Source Statement sheet (written six days after her third evaluation), however, Dr. Sprute's findings increased dramatically in severity. (Tr. 416.) She reported that Plaintiff can infrequently sit, stand, or walk; needs to elevate her legs at least three times per day for 20 minutes; needs to lie down every 15 minute per hour; would be off task at a work day 50% of the time; is mentally frequently precluded from understanding and remember very short,

---

[4] Kyphosis is defined as the exaggerated outward curvature of the thoracic region of the spinal column resulting in a rounded upper back. *Medical Definition of Kyphosis*, MERRIAM-WEBSTER.COM DICTIONARY, https://www.merriam-webster.com/dictionary/kyphosis (last visited Dec. 17, 2020). Scoliosis is a lateral curvature of the spine. *Medical Definition of Scoliosis*, MERRIAM-WEBSTER.COM DICTIONARY, https://www.merriam-webster.com/dictionary/scoliosis (last visited Dec. 17, 2020). No costovertebral angle tenderness and "spine nontender to palpation" means that Plaintiff had no pain in these areas when felt by pressure from hands or fingers. *See Medical Definition of Palpate*, MERRIAM-WEBSTER.COM DICTIONARY, https://www.merriam-webster.com/dictionary/palpate (last visited Dec. 17, 2020) (Palpate is defined as "to examine by touch.").

simple instruction or detailed instructions; has no functioning in performing activities within a schedule; and expects these limitations to last for longer than 12 months.  (Tr. 416).

The ALJ in this case did address and explain her rejection of Dr. Sprute's report.  The ALJ found that Dr. Sprute's Medical Source Statement "contained minimal reference to objective evidence or testing and was not consistent with the claimant's physical examinations showing largely normal range of motion in the claimant's spine, retention of full strength in her lower extremities, and observation of normal gait."  *Id.*  Again, after the new regulations, the ALJ is only required to consider all medical opinions and prior administrative findings using at least the most important factors, supportability and consistency.  *See* 20 C.F.R. § 404.1520c(a).  The ALJ must also articulate generally how persuasive she finds each of the opinions in the record.  *Id.* at § 404.1520c(b).  The ALJ did so here with her explanation of why she found Dr. Sprute's opinion unpersuasive.  As the ALJ explained, the Medical Source Statement (a check-box form) from Dr. Sprute did not contain any reference to objective evidence or testing and was inconsistent with her prior general physical examination reports.  *See Colvin*, 575 Fed. App'x at 354–55.

Plaintiff asks the court to hold the ALJ to a higher standard than the new regulations require.  Plaintiff points to an unpublished district court case, in which the court found that the ALJ committed legal error where she did not discuss the "significantly probative evidence" presented by the claimant that she rejected, including the opinions of treating and examining physicians.  *See Bradley v. Astrue*, No. 4:10-CV-01065, 2011 WL 3648136, at *7 (S.D. Tex. Aug. 17, 2011).  Yet this case arose under the old treating-physician rule; therefore, it does not provide any helpful guidance on the resolution of this case.  Again, the ALJ in this case identified the reasons for rejecting the medical source statement by Dr. Sprute, finding it was not

11

supported by Dr. Sprute's own medical records based on her treatment with Plaintiff. Ultimately, the Court does not get to reweigh the evidence, and the ALJ did not commit legal error in evaluating the medical opinions.

## C. The ALJ's RFC determination is supported by substantial evidence.

The ALJ's RFC determination is also supported by substantial evidence. As referenced earlier in this Order, "[s]ubstantial evidence is more than a scintilla, less than preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Villa*, 895 F.2d at 1021–22 (quoting *Hames*, 707 F.2d at 164); *see Chambliss v. Massanari*, 269 F.3d 520, 523 (5th Cir. 2001) ("[T]he task of weighing the evidence is the province of the ALJ. [The reviewing court's] job is merely to determine if there is substantial evidence in the record as a whole which supports the ALJ's decision."). So long as the ALJ's RFC determination is supported by substantial evidence in the record, it may not be disturbed on appeal. *See Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The ALJ's RFC determination is "granted great deference and will not be disturbed unless the reviewing court cannot find substantial evidence in the record to support the [ALJ's] decision or finds that the [ALJ] made an error of law." *Leggett*, 67 F.3d at 564.

Plaintiff argues that the ALJ's short explanation of her reasons for rejecting Dr. Sprute's opinion shows that she ignored other evidence in making her RFC determination. (*See* Pl. Brief [#13] at 15.) Plaintiff points primarily to three pieces of medical evidence she believes that ALJ overlooked in assessing Plaintiff's RFC: (1) Dr. Rodriguez's report from March 2017; (2) Dr. Worrich's report from June 2017; and (3) a physical therapist's notes from November 2017. (*See* Pl. Brief [#13] at 13–15.) These three pieces of evidence are indeed supportive of Plaintiff's disability claim. Dr. Rodriquez reported in March 2017 that Plaintiff was not able to

return to work and could not sit, stand, or walk for more than 20 minutes without pain. (Tr. 726, 729.) Dr. Worrich reported in June 2017 that Plaintiff was, at times, unable to sit, stand, walk for more than 20 minutes at a time and was apt to have flare ups. (Tr. 689, 699.) And finally, the physical therapist reported in November 2017 that Plaintiff had decreased strength in her hips, positive straight leg raises, bilateral lower extremity weakness, moderate-severe lumbar pain that radiated to her lower extremities, limited lumbar range of motion, impaired endurance and mobility, and gait dysfunction. (Tr. 414.)

Plaintiff fails to acknowledge, however, that each of these three reports were followed by reports of Plaintiff's physical improvement in the subsequent months. Dr. Rodriquez reported in June 2017 that Plaintiff could return to work that month. (Tr. 681.) Dr. Worrich reported in July 2017 that Plaintiff had a normal stance, normal strength and tone in her upper and lower extremities, and had active, passive, and resisted range of motion in her lumbar spine. (Tr. 43.) And the physical therapist reported on December 28, 2017 that Plaintiff was able to complete more activities and walk up to 30 minutes before needing to sit down, that her pain was significantly improving, that she achieved a majority of the benchmarks for pain reduction, and that she was progressing towards the rest of the benchmarks. (Tr. 413.) The ALJ referred to these later reports in her opinion, noting that they supported the state agency physicians' medical opinions finding Plaintiff not disabled. (Tr. 19–23.) The ALJ also cited the following in her opinion to support the determined RFC: Plaintiff's CT scans of her lumbar spine showed only mild spondylosis and atherosclerosis, and her MRI films showed only mild disc bulging and mild canal narrowing (Tr. 19, 564, 635, 795); she denied symptoms of anxiety and depression in January 2019 (Tr. 22, 803); and her mental status exams were within normal limits (Tr. 803).

Considering the entire medical record, the ALJ's RFC determination is supported by substantial evidence.

## V.  Conclusion

Based on the foregoing, the Court finds that no reversible error was committed during these proceedings and substantial evidence supports the Commissioner's finding that Plaintiff was not disabled.  Accordingly,

**IT IS HEREBY ORDERED** that the Commissioner's decision finding that Plaintiff is not disabled is **AFFIRMED**.

SIGNED this 18th day of December, 2020.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE